IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| RANI FOODS, LP<br><br>      Plaintiff,<br><br>v.<br><br>RANI FOOD LLC,<br><br>      Defendant. | Case No. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

Plaintiff Rani Foods, LP ("Rani" or "Plaintiff") files this Complaint for Trademark Infringement against Defendant Rani Food LLC ("Defendant") and alleges as follows:

**THE PARTIES**

1. Rani Foods, LP is a Texas limited partnership, having a principal place of business at 6603 Theall Road, Houston, Texas 77066.

2. Upon information and belief, Defendant Rani Food LLC is a Michigan limited liability company, having a principal place of business at 3500 West Hampton Ct. NE, Grand Rapids Michigan 49546.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to the Lanham Act, 15 U.S.C. § 1121(a), and 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

4. Defendant is subject to this Court's general personal jurisdiction because it is a Michigan limited liability company. Defendant has a place of business within the state of Michigan and within this District and regularly conducts business, directly and indirectly, within the state of Michigan. *See IOU Cent., Inc. v. Div. Ave., LLC*, No. 1:21-CV-811, 2022 WL 7344947, at *4

(W.D. Mich. Oct. 13, 2022) ("A limited liability company is subject to general personal jurisdiction in Michigan when it "carr[ies] on [ ] a continuous and systematic part of its general business within the state."). Personal jurisdiction is also proper because Plaintiff's causes of action arise out of and relate to Defendant's contacts with the state of Michigan.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant is a Michigan limited liability company, and thus Defendant "resides" in this district for venue purposes. Additionally, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## BACKGROUND

### A. Plaintiff's Business and Trademarks

6. Plaintiff has been in the business of selling spices and other international food products since 1979. Shortly after its founding, the company began using the Rani name (the "Rani Mark") to market and brand its products.

7. The Rani brand is an international brand specializing in Indian foods. Rani has a selection of over 3,000 products sold worldwide. Rani direct ships its products to consumers in all 50 states. In addition to direct shipping, Rani sells products using the RANI name to brick and mortar retail stores in multiple locations including, Houston, Las Vegas, California, New Mexico, and Arizona. Rani also sells its products through online retailers including Amazon, Walmart, and Target.

8. Rani has been using the Rani Mark since 1979 in connection with its various products, retail store services and online services.

9. Rani is the owner of U.S. Trademark Registration No. 4,055,459 for the following design mark (the "Rani Design Mark"):



The Rani Design Mark is registered in connection with the following services:

> IC 029. US 046. G & S: Indian products, namely, dried beans, lentils, clarified butter, namely ghee, edible oils, namely, corn oil, sesame oil, almond oil and coconut oil, and pickles.
>
> IC 030. US 046. G & S: products, namely, 70 varieties of dried spices, ground flour, durum wheat flour, and fruit chutney.

*See* Exhibit A. Rani has continuously used the Rani Design Mark in United States commerce since at least as early as June of 1999. *See id*.

10. Rani is also the owner of U.S. Trademark Registration No. 4,034,392 for the mark RANI'S WOLRD FOODS (the "Rani World Mark") in connection with the following services:

> IC 035. US 100 101 102. G & S: retail grocery store services and online retail grocery store services.

*See* Exhibit B. Rani has continuously used the Rani World Mark in United States commerce since at least as early as June 2009. *See id*.

11. Rani is also the owner of U.S. Trademark Registration No. 7,148,790 for the mark RANI BRAND (the "Rani Brand Mark") in connection with the following services:

> IC 029. US 046. G & S: Indian products, namely, dried beans, dried lentils, clarified butter, namely, ghee, edible oils, namely, corn oil, sesame oil, almond oil and coconut oil, and pickles.
>
> IC 030. US 046. G & S: Indian products, namely, 70 varieties of dried spices, ground flour, durum wheat flour, and fruit chutney; Seasonings, namely, seasoning powder, seasoning pastes, seasoning spices for food; Papads in the nature of flat bread; Pappadums in the nature of flat bread; Curry pastes; tamarind for use as a condiment.

*See* Exhibit C. Rani has continuously used the Rani Brand Mark in United States commerce since at least as early as June 1999. *See id*.

12. Rani has continuously used its trademarks (the "Rani Marks") in connection with international food products and related products throughout the United States for decades.

13. Examples of Rani's use of its Rani Marks are shown below:



14. As a result of Rani's longstanding and continuous use, extensive sales, advertising, and promotion of the Rani Marks, the Rani Marks have become well known and accepted by the public and serve to distinguish Rani's products from those of others.

15. The Rani Marks are prominently presented on Rani's website (https://ranibrand.com/), advertisements, and product packaging. Substantial amounts of time, effort and money have been expended over the years ensuring that the purchasing public associates the Rani Marks exclusively with Rani.

16. As a result of Rani's efforts and commercial success in advertising, marketing, and promoting the Rani goods and services, Rani has generated a substantial and valuable goodwill in the Rani Marks, and the Rani Marks have become intangible assets of substantial commercial value to Rani.

B. **Defendant's Infringing Conduct**

17. Defendant has recently begun marketing, promoting, advertising, offering, distributing and selling international food products using the "Rani" name. Defendant sells products infringing Rani's Marks (the "Infringing Products") both online and in store at "all Meijer locations." https://ranifoodsusa.com/.



18. Examples of the Infringing Products are shown below:



19. Additional examples displaying Defendant's infringing uses are attached hereto as Exhibit D.

20. According to the Michigan Secretary of State's records, Defendant was formed on February 3, 2022. *See* Exhibit E. And Defendant filed two trademark applications with the United States Patent and Trademark Office ("USPTO") indicating a date of first use of July 1, 2022. Exhibit F. Thus, Rani's use of the Rani Mark predates Defendant's first use of the term "Rani" by over forty (40) years.

21. In response to Defendant's trademark applications, Rani promptly filed a Letter of Protest with the USPTO articulating the similarities between the proposed marks and the Rani Marks and resulting likelihood of customer confusion from Defendant's proposed marks. *See* Exhibit G.

22. Substantiating Rani's assertions, the USPTO issued a Non-Final Action of refusal based on a likelihood of confusion with the Rani Marks. *See* Exhibit H.

23. Defendant is directly competing with Rani in that it is marketing, promoting, advertising, offering, distributing, and selling virtually identical or closely similar branded food products to the same customers or the same or similar classes of customers as Rani under a mark causing actual confusion with the Rani Marks.

24. Rani has not licensed or otherwise authorized the Defendant to use its highly valuable and well-established Rani Marks in any manner whatsoever.

25. Defendant knew of Rani's prior use of the Rani Marks, was aware of the goodwill and market value of the Rani Marks, and intentionally chose to use and trade off the goodwill associated with the Rani Marks to suggest a false affiliation between Rani's goods and services and Defendant's goods and services, or to deliberately mislead and confuse customers about the source of the goods.

26. Rani has sent Defendant two letters providing Defendant notice of its unlawful infringement and demanding that Defendant cease any further marketing, offering, and selling of the Infringing Products and immediately remove such products from its distribution channels.

27. Rani did not receive any response to its letters and Defendant has continued to sell and offer for sale the Infringing Products. The Defendant's unauthorized, unlawful, and intentional use of the Rani Marks has caused, and will continue to cause, a likelihood of confusion among consumers and potential customers as to the source or origin of the Infringing Products.

28. Defendant's infringing use of the Rani Marks has resulted in actual confusion. Specifically, consumers have contacted Rani after mistakenly believing that Rani is the source of the Infringing Products.

29. As a direct and proximate result of Defendant's unauthorized conduct, Rani has been and will continue to be damaged by likely and actual confusion among customers and

potential customers as to Rani's association or endorsement of the Infringing Products, in part, in ways that cannot be adequately remedied by monetary damages.

30. Rani brings this action to stop Defendant's unauthorized use of the Rani Marks, which is causing actual confusion in the marketplace and damaging Rani's reputation.

## COUNT I
### Federal Trademark Infringement – Registered Mark

31. Plaintiff re-alleges and incorporates the foregoing paragraphs by reference as if fully set forth herein.

32. Rani owns valid and enforceable rights in the Rani Marks in connection with the goods and services it offers and sells in connection therewith and has possessed such rights at all times material hereto.

33. Rani's use of its Rani Marks in connection with international food products predates any use by Defendant.

34. Defendant's use of a mark containing RANI and/or colorable imitations of the foregoing in connection with international food products, is likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection, or association of Defendant with Plaintiff or as to the origin, sponsorship, or approval of Defendant's services or commercial activities by Plaintiff.  Accordingly, Defendant's conduct infringes U.S. Trademark Registration No. 4,055,459, No. 4,034,392, and No. 7,148,790 under 15 U.S.C. § 1114(a).

35. Defendant knew of the Rani Marks since at least as early as February 2023. Thus, Defendant's use of the marks constitutes and exceptional case and willful infringement of U.S. Trademark Registration No. 4,055,459, No. 4,034,392, and No. 7,148,790.

36. Rani has not authorized, licensed, or otherwise condoned or consented to Defendant's use of the Rani Marks.

37. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.

38. Plaintiff is entitled to (1) Defendant's profits, (2) any damages sustained by the Plaintiffs, (3) the costs of the action, and (4) enhanced damages and attorneys' fees under 15 U.S.C. § 1117. Plaintiff is also entitled to preliminary and permanent injunctive relief under 15 U.S.C. § 1116. Unless Defendant is enjoined, Plaintiffs have no adequate remedy at law and will be irreparably harmed.

## COUNT II
### Federal Trademark Infringement – Unregistered Mark

39. Plaintiffs re-allege and incorporate the foregoing paragraphs by reference as if fully set forth herein.

40. Rani owns valid and enforceable rights in the Rani Marks in connection with the goods and services it offers and sells in connection therewith and has possessed such rights at all times material hereto.

41. Rani's use of its Rani Marks in connection with international food products predates any use by Defendant.

42. As a result of Plaintiffs' longstanding and continuous use in interstate commerce, significant advertising and promotional activities, and widespread distribution of such efforts in commerce in the United States, the Rani Marks have become well known and accepted by the public and serve to distinguish Plaintiff's goods and services from those of others, namely other international food brands.

43. Defendant's use of a mark containing RANI and/or colorable imitations of the foregoing in connection with international food products is likely to cause confusion, to cause

mistake, and to deceive as to the affiliation, connection, or association of Defendant with Plaintiff or as to the origin, sponsorship, or approval of Defendant's services or commercial activities by Plaintiff. Accordingly, such use by Defendant of marks containing RANI infringes Plaintiff's common law rights in and to the Rani Marks under 15 U.S.C. § 1125(a).

44. Defendant knew of the Rani Marks since at least as early as February 2023. Thus, Defendant's use of a mark containing RANI after such knowledge constitutes an exceptional case and willful infringement of Plaintiff's marks.

45. Rani has not authorized, licensed, or otherwise condoned or consented to Defendant's use of the Rani Marks.

46. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.

47. Plaintiff is entitled to (1) Defendant's profits, (2) any damages sustained by the Plaintiff, (3) the costs of the action, and (4) enhanced damages and attorneys' fees under 15 U.S.C. § 1117. Plaintiff is also entitled to preliminary and permanent injunctive relief under 15 U.S.C. § 1116. Unless Defendant is enjoined, Plaintiffs have no adequate remedy at law and will be irreparably harmed.

## COUNT III
### Federal Unfair Competition and False Designation of Origin

48. Plaintiff re-alleges and incorporates the foregoing paragraphs by reference as if fully set forth herein.

49. Defendant's use of a mark containing RANI and/or colorable imitations of the foregoing in connection with international food products is likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection, or association of Defendant with Plaintiff

or as to the origin, sponsorship, or approval of Defendant's services or commercial activities by Plaintiff.

50. Defendant's unauthorized use in commerce of the mark containing RANI and/or colorable imitations of the foregoing herein constitutes use of a false designation of origin and misleading description and representation of fact.

51. Defendant's conduct has occurred in interstate commerce and substantially impacts interstate commerce.

52. Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

53. Rani has not authorized, licensed, or otherwise condoned or consented to Defendant's use of the Rani Marks.

54. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.

55. Plaintiff is entitled to (1) Defendant's profits, (2) any damages sustained by the Plaintiff, (3) the costs of the action, and (4) enhanced damages and attorneys' fees under 15 U.S.C. § 1117. Plaintiff is also entitled to preliminary and permanent injunctive relief under 15 U.S.C. § 1116. Unless Defendant is enjoined, Plaintiffs have no adequate remedy at law and will be irreparably harmed.

## COUNT IV
## Violations of Michigan Consumer Protection Act

20. Plaintiffs re-allege and incorporates the foregoing paragraphs by reference as if fully set forth herein.

56. Defendant's use of a mark containing RANI and/or colorable imitations of the foregoing constitutes unfair and deceptive acts and practices in violation of the Michigan Consumer Protection Act. Mich. Comp. Laws § 445.901 *et seq.*

57. Defendant's unauthorized use of the Rani Marks in connection with their promotion, offer and sale of the Infringing Products is likely to cause confusion or misunderstanding as to the source, sponsorship, approval or certification of the goods in violation of Mich. Comp. Laws § 445.903(1)(a).

58. Defendant's unauthorized use of the Rani Marks has caused and, unless enjoined by this Court, will continue to cause substantial injury to Plaintiff and the public. Based on Defendant's unlawful conduct Plaintiff is entitled to injunctive relief and to recover damages, and as appropriate, punitive damages, costs and reasonable attorneys' fees.

### ATTORNEYS' FEES

59. Plaintiffs re-allege and incorporates the foregoing paragraphs by reference as if fully set forth herein.

60. Plaintiffs seeks to recover their attorneys' fees pursuant to the Lanham Act, 15 U.S.C. § 1117.

### JURY DEMAND

61. Plaintiffs hereby demand a trial by jury on all issues so triable.

### PRAYER

**WHEREFORE,** Plaintiffs pray for judgment that:

A. Defendant's use of a mark containing RANI or a colorable imitation thereof in connection with international food products infringes U.S. Trademark Registration No. 4,055,459, No. 4,034,392, and No. 7,148,790 under 15 U.S.C. § 1114(a);

B. Defendant's use of a mark containing RANI or a colorable imitation thereof in connection with international food products infringes Plaintiffs' rights in the Rani Marks under 15 U.S.C. § 1125(a);

C. Defendant's use of a mark containing RANI or a colorable imitation thereof in connection with international food products constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a);

D. Determine that this case is "exceptional" within the meaning of 15 U.S.C. § 1117(a);

E. Defendant's use of a mark containing RANI or a colorable imitation thereof in connection with international food products constitutes unfair and deceptive acts and practices in violation of the Michigan Consumer Protection Act;

F. Plaintiffs be awarded damages for Defendant's infringement;

G. Defendant's infringement be preliminarily and permanently enjoined;

H. Defendant and its respective affiliates, subsidiaries, agents, servants, employees, attorneys, and all persons acting in concert or participation with them who receive actual notice of any order issuing an injunction (preliminary or permanent) be so enjoined from taking any acts violative of the injunction;

I. Defendant be required to pay pre-judgment interest on all amounts awarded, and post-judgment interest until paid, at the highest lawful rate; and

J. Plaintiffs be granted such other relief as the Court deems just and equitable.

Dated: October 10, 2023   Respectfully submitted,

 */s/ Kristen L. Rewa*
 Kristen L. Rewa (P73043)
 Local Attorney for Plaintiff Rani Foods, LP
 Cummings, McClorey, Davis and Acho, P.L.C.
 2851 Charlevoix Drive SE, Suite 203
 Grand Rapids, MI 49546
 (616) 975-7470

 Sarah J. Ring
 (application for admission forthcoming)
 Texas Bar No. 24056213
 sring@porterhedges.com
 Shelby N. Payne
 (application for admission forthcoming)
 Texas Bar No. 24131576
 spayne@porterhedges.com
 PORTER HEDGES LLP
 1000 Main Street, 36th Floor
 Houston, Texas 77002
 T: (713) 226-6654
 F: (713) 226-6254

 ***Attorneys for Plaintiff Rani Foods, LP***

14213658